

# ALABAMA SJIS CASE DETAIL



**PREPARED FOR: THOMAS GAILLARD**

County: **02**    Case Number: **CV-2022-901248.00**    Court Action:

Style: **JESSICA WEST V. CITY OF CHICKASAW POLICE DEPARTMENT ET AL**

`Real Time`

## Case

### Case Information

| | | | | | |
|---|---|---|---|---|---|
| County: | **02-MOBILE** | Case Number: | **CV-2022-901248.00** | Judge: | **JTP:JAMES T. PATTERSON** |
| Style: | **JESSICA WEST V. CITY OF CHICKASAW POLICE DEPARTMENT ET AL** | | | | |
| Filed: | **07/21/2022** | Case Status: | **ACTIVE** | Case Type: | **WRONGFUL DEATH** |
| Trial Type: | **JURY** | Track: | **FAST** | Appellate Case: | **0** |
| No of Plaintiffs: | **1** | No of Defendants: | **2** | | |

### Damages

| | | | | | |
|---|---|---|---|---|---|
| Damage Amt: | **0.00** | Punitive Damages: | **0.00** | General Damages: | **0.00** |
| No Damages: | | Compensatory Damages: | **0.00** | | |
| Pay To: | | Payment Frequency: | | Cost Paid By: | |

### Court Action

| | | | | |
|---|---|---|---|---|
| Court Action Code: | | Court Action Desc: | | Court Action Date: |
| Num of Trial days: | **0** | Num of Liens: | **0** | Judgment For: |
| Dispositon Date of Appeal: | | Disposition Judge: | **:** | Disposition Type: |
| Revised Judgement Date: | | Minstral: | | Appeal Date: |
| Date Trial Began but No Verdict (TBNV1): | | | | |
| Date Trial Began but No Verdict (TBNV2): | | | | |

### Comments

Comment 1:
Comment 2:

### Appeal Information

| | | | |
|---|---|---|---|
| Appeal Date: | | Appeal Case Number: | | Appeal Court: |
| Appeal Status: | | Orgin Of Appeal: | | |
| Appeal To: | | Appeal To Desc: | | LowerCourt Appeal Date: |
| Disposition Date Of Appeal: | | Disposition Type Of Appeal: | |

### Administrative Information

| | | | |
|---|---|---|---|
| Transfer to Admin Doc Date: | | Transfer Reason: | | Transfer Desc: |
| Number of Subponeas: | | Last Update: | **07/22/2022** | Updated By: | **JOD** |

## Settings

### Settings

| | Date: | Que: | Time: | Description: |
|---|---|---|---|---|
| 4 | **04/14/2023** | **001** | **09:00 AM** | **READ - CERT TO BE FILED** |

## Parties

**Party 1 - Plaintiff INDIVIDUAL - WEST JESSICA**

## Party Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Party: | C001-Plaintiff | Name: | **WEST JESSICA** | | Type: | **I-INDIVIDUAL** |
| Index: | **D CITY OF CHIC** | Alt Name: | | Hardship: **No** | JID: | **JTP** |
| Address 1: | **2279 FARRINGTON LOOP WEST** | | | Phone: | **(251) 421-4564** | |
| Address 2: | | | | | | |
| City: | **SEMMES** | State: | **AL** | Zip: | **36575-0000** | Country: **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | **F** | Race: |

## Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | **$0.00** | Court Action For: | | Exemptions: | |
| Cost Against Party: | **$0.00** | Other Cost: | **$0.00** | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

## Service Information

| | | | | |
|---|---|---|---|---|
| Issued: | Issued Type: | Reissue: | Reissue Type: | |
| Return: | Return Type: | Return: | Return Type: | |
| Served: | Service Type | Service On: | Notice of No Answer: | |
| | | | Served By: | |
| Answer: | Answer Type: | Notice of No Service: | | |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | LAN049 | | LANE JOSEPH DAVID | JLANE@COCHRANFIRM.COM | (334) 673-1555 |

### Party 2 - Defendant GOVERNMENT - CITY OF CHICKASAW POLICE DEPARTMENT

## Party Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Party: | D001-Defendant | Name: | **CITY OF CHICKASAW POLICE DEPARTMENT** | | Type: | **G-GOVERNMENT** |
| Index: | **C WEST JESSICA** | Alt Name: | | Hardship: **No** | JID: | **JTP** |
| Address 1: | **C/O JESSICA VEALS, CLERK** | | | Phone: | **(251) 452-6450** | |
| Address 2: | **POST OFFICE BOX 11307** | | | | | |
| City: | **CHICKASAW** | State: | **AL** | Zip: | **36611-0000** | Country: **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | | Race: |

## Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | **$0.00** | Court Action For: | | Exemptions: | |
| Cost Against Party: | **$0.00** | Other Cost: | **$0.00** | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

## Service Information

| | | | | |
|---|---|---|---|---|
| Issued: | **07/21/2022** | Issued Type: | **C-CERTIFIED MAIL** | Reissue: | Reissue Type: |
| Return: | | Return Type: | | Return: | Return Type: |
| Served: | **07/26/2022** | Service Type | **C-CERTIFIED MAIL** | Service On: | Notice of No Answer: |
| | | | | | Served By: |
| Answer: | | Answer Type: | | Notice of No Service: | |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

## Party 3 - Defendant HAND OFFICER JOSEPH MICHAEL PRO SE

### Party Information

| | | | |
|---|---|---|---|
| Party: | D002-Defendant | Name: | **HAND OFFICER JOSEPH MICHAEL** | Type: | **I-INDIVIDUAL** |
| Index: | **C WEST JESSICA** | Alt Name: | | | |
| Address 1: | **107 CARONDOLET CT E** | | Hardship: **No** | JID: | **JTP** |
| Address 2: | | | Phone: **(251) 445-7051** | | |
| City: | **MOBILE** | State: **AL** | Zip: **36608-0000** Country: **US** |
| SSN: | **XXX-XX-X999** | DOB: **05/01/1991** | Sex: **M** Race: |

### Court Action

| | | |
|---|---|---|
| Court Action: | | Court Action Date: |
| Amount of Judgement: **$0.00** | Court Action For: | Exemptions: |
| Cost Against Party: **$0.00** | Other Cost: **$0.00** | Date Satisfied: |
| Comment: | | Arrest Date: |
| Warrant Action Date: | Warrant Action Status: | Status Description: |

### Service Information

| | | | |
|---|---|---|---|
| Issued: **07/21/2022** | Issued Type: **C-CERTIFIED MAIL** | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: **07/25/2022** | Service Type **C-CERTIFIED MAIL** | Service On: | Served By: / Notice of No Answer: |
| Answer: | Answer Type: | Notice of No Service: | |

### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

## Financial

### Fee Sheet

| Fee Status | Admin Fee | Fee Code | Payor | Payee | Amount Due | Amount Paid | Balance | Amount Hold | Garnish Party |
|---|---|---|---|---|---|---|---|---|---|
| ACTIVE | N | AOCC | C001 | 000 | $16.32 | $16.32 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CONV | C001 | 000 | $19.05 | $19.05 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CV05 | C001 | 000 | $315.00 | $315.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | JDMD | C001 | 000 | $100.00 | $100.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | VADM | C001 | 000 | $45.00 | $45.00 | $0.00 | $0.00 | 0 |
| | | | | **Total:** | $495.37 | $495.37 | $0.00 | $0.00 | |

### Financial History

| Transaction Date | Description | Disbursement Accoun | Transaction Batch | Receipt Number | Amount | From Party | To Party | Money Type | Admin Fee | Reason | Attorney | Operator |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 07/22/2022 | CHGD DUE | CONV | 2022214 | 00 | $19.05 | C001 | 000 | | N | | | BEL |
| 07/22/2022 | CREDIT | CONV | 2022214 | 6076850 | $19.05 | C001 | 000 | | N | | | BEL |
| 07/22/2022 | RECEIPT | AOCC | 2022214 | 6076840 | $16.32 | C001 | 000 | | N | | | BEL |
| 07/22/2022 | RECEIPT | CV05 | 2022214 | 6076860 | $315.00 | C001 | 000 | | N | | | BEL |
| 07/22/2022 | RECEIPT | JDMD | 2022214 | 6076870 | $100.00 | C001 | 000 | | N | | | BEL |
| 07/22/2022 | RECEIPT | VADM | 2022214 | 6076880 | $45.00 | C001 | 000 | | N | | | BEL |

## Case Action Summary

| Date: | Time | Code | Comments | | Operator |
|---|---|---|---|---|---|
| 7/21/2022 | 4:43 PM | FILE | FILED THIS DATE: 07/21/2022 | (AV01) | AJA |
| 7/21/2022 | 4:43 PM | EORD | E-ORDER FLAG SET TO "Y" | (AV01) | AJA |

| 7/21/2022 | 4:43 PM | ASSJ | ASSIGNED TO JUDGE: JAMES T. PATTERSON        (AV01) | AJA |
|---|---|---|---|---|
| 7/21/2022 | 4:43 PM | SCAN | CASE SCANNED STATUS SET TO: N        (AV01) | AJA |
| 7/21/2022 | 4:43 PM | TDMJ | JURY TRIAL REQUESTED        (AV01) | AJA |
| 7/21/2022 | 4:43 PM | ORIG | ORIGIN: INITIAL FILING        (AV01) | AJA |
| 7/21/2022 | 4:43 PM | STAT | CASE ASSIGNED STATUS OF: ACTIVE        (AV01) | AJA |
| 7/21/2022 | 4:43 PM | C001 | C001 PARTY ADDED: WEST JESSICA        (AV02) | AJA |
| 7/21/2022 | 4:43 PM | C001 | LISTED AS ATTORNEY FOR C001: LANE JOSEPH DAVID | AJA |
| 7/21/2022 | 4:43 PM | C001 | INDIGENT FLAG SET TO: N        (AV02) | AJA |
| 7/21/2022 | 4:43 PM | C001 | C001 E-ORDER FLAG SET TO "Y"        (AV02) | AJA |
| 7/21/2022 | 4:43 PM | D001 | D001 PARTY ADDED: CITY OF CHICKASAW POLICE DEPARTM | AJA |
| 7/21/2022 | 4:43 PM | D001 | INDIGENT FLAG SET TO: N        (AV02) | AJA |
| 7/21/2022 | 4:43 PM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE        (AV02) | AJA |
| 7/21/2022 | 4:43 PM | D001 | D001 E-ORDER FLAG SET TO "Y"        (AV02) | AJA |
| 7/21/2022 | 4:43 PM | D001 | CERTIFIED MAI ISSUED: 07/21/2022 TO D001   (AV02) | AJA |
| 7/21/2022 | 4:43 PM | D002 | D002 PARTY ADDED: HAND OFFICER JOSEPH MICHAEL | AJA |
| 7/21/2022 | 4:43 PM | D002 | CERTIFIED MAI ISSUED: 07/21/2022 TO D002   (AV02) | AJA |
| 7/21/2022 | 4:43 PM | D002 | D002 E-ORDER FLAG SET TO "Y"        (AV02) | AJA |
| 7/21/2022 | 4:43 PM | D002 | INDIGENT FLAG SET TO: N        (AV02) | AJA |
| 7/21/2022 | 4:43 PM | D002 | LISTED AS ATTORNEY FOR D002: PRO SE        (AV02) | AJA |
| 7/21/2022 | 4:43 PM | ECOMP | COMPLAINT E-FILED. | LAN049 |
| 7/22/2022 | 7:45 AM | TRAC | CASE ASSIGNED TO: FAST    TRACK        (AV01) | JOD |
| 7/22/2022 | 7:45 AM | DAT4 | FOR: CERT TO BE FILED ON 04/14/2023 @ 0900A (AV01) | JOD |
| 7/25/2022 | 9:49 AM | EORDE | ORDER E-FILED - ORDER - PRETRIAL - ORDER E-DOCKETED - RENDERED & ENTERED: 7/25/2022 9:49:47 AM | JOO |
| 7/25/2022 | 6:21 PM | ESERC | SERVICE RETURN - D002 - COMPLAINT | |
| 7/25/2022 | 6:22 PM | D002 | SERVICE OF CERTIFIED MAI ON 07/25/2022 FOR D002 | AJA |
| 7/26/2022 | 6:18 PM | ESERC | SERVICE RETURN - D001 - COMPLAINT | |
| 7/26/2022 | 6:19 PM | D001 | SERVICE OF CERTIFIED MAI ON 07/26/2022 FOR D001 | AJA |

## Images

| Date: | Doc# | Title | Description | Pages |
|---|---|---|---|---|
| 7/21/2022 4:42:28 PM | 1 | CIVIL_COVER_SHEET | CIRCUIT COURT - CIVIL CASE | 1 |
| 7/21/2022 4:42:28 PM | 2 | COMPLAINT | | 20 |
| 7/21/2022 4:42:28 PM | 3 | SUPPORTING DOCUMENT | Exhibit A - Notice of Claim | 3 |
| 7/21/2022 4:42:38 PM | 4 | COMPLAINT - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |
| 7/21/2022 4:42:38 PM | 5 | COMPLAINT - SUMMONS | E-NOTICE TRANSMITTALS | 2 |
| 7/25/2022 9:49:47 AM | 6 | ORDER | PRETRIAL | 3 |
| 7/25/2022 9:49:47 AM | 7 | ORDER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |
| 7/25/2022 6:21:14 PM | 8 | SERVICE RETURN | SERVICE RETURN - D002 - COMPLAINT | 1 |
| 7/25/2022 6:21:17 PM | 9 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |
| 7/26/2022 6:18:37 PM | 10 | SERVICE RETURN | SERVICE RETURN - D001 - COMPLAINT | 1 |
| 7/26/2022 6:18:41 PM | 11 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |

 *END OF THE REPORT*

ELECTRONICALLY FILED
7/21/2022 4:43 PM
02-CV-2022-901248.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93    Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas<br>02<br><br>Date of Filing:    Judge Code:<br>07/21/2022 |
|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### JESSICA WEST v. CITY OF CHICKASAW POLICE DEPARTMENT ET AL

**First Plaintiff:** ☐ Business  ☑ Individual      **First Defendant:** ☐ Business  ☐ Individual
☐ Government  ☐ Other      ☑ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☑ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING        A ☐ APPEAL FROM        O ☐ OTHER
                                              DISTRICT COURT

              R ☐ REMANDED        T ☐ TRANSFERRED FROM
                                              OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO      **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**      ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

_____LAN049_____          _____7/21/2022 4:43:29 PM_____          _____/s/ JOSEPH DAVID LANE_____
                                        Date                                        Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**        ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**        ☐ YES ☐ NO

ELECTRONICALLY FILED
7/21/2022 4:43 PM
02-CV-2022-901248.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBLE COUNTY, ALABAMA

| | |
|---|---|
| **JESSICA WEST, individually and o/b/o** ) | |
| **all heirs of Kenya M. Reed, and o/b/o** ) | |
| **THE ESTATE OF KENYA REED,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | |
| ) | **CASE NUMBER_____** |
| **CITY OF CHICKASAW POLICE** ) | |
| **DEPARTMENT,** ) | **JURY TRIAL DEMANDED** |
| **A Municipal Corporation,** ) | |
| ) | |
| **Defendant,** ) | |
| ) | |
| **JOSEPH MICHAEL HAND** ) | |
| **An Individual,** ) | |
| ) | |
| **Defendant,** ) | |
| ) | |
| **Fictitious Defendants 1, 2, 3, & 4, as more** ) | |
| **fully described and defined below,** ) | |
| ) | |
| **Defendants.** ) | |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff Jessica West, by and through her undersigned counsel, and as the

basis for the relief hereinafter requested, state as follows:

### VENUE AND JURISDICTION

1. The events made the basis of this action occurred on January 10, 2021 in Mobile County,

   Alabama at a location more particularly described as the intersection of I-65 and West Lee

   Street, in Chickasaw, Alabama.

2. This is an action arising out of the wrongful death of Kenya Marshalette Reed, who died

   from injuries she suffered on January 10, 2021, from a car crash involving police officer,

Defendant Joseph Michael Hand.  Decedent Kenya Marshalette Reed was 18 years of age at the time of her death.

3.   This Court has concurrent jurisdiction over Plaintiff's § 42 U.S.C. 1983 claims, as well as Plaintiff's state law claims.

4.   Pursuant to § 6-3-11, *Alabama Code* (1975), as amended, venue is proper in Mobile County as the act(s) or omission(s) complained of herein occurred in Mobile County at the location above described.

5.   The matter in controversy exceeds the jurisdictional limits of this Court exclusive of costs and interest.

6.   By filing a Sworn Statement of Claim for Damages against the City of Chickasaw on the 26th day of April, 2021, Plaintiff has satisfied all present requirements as set out by the Code of Alabama §§ 11-47-23, 11-47-190, and 11-47-192.  A copy of the subject Notice of Claim is attached hereto as *Exhibit "A"* and is made a part hereof by reference.

**THE PARTIES**

7.   Plaintiff Jessica West is, and at all times material hereto was, a resident citizen of Mobile County, Alabama, with her address being 2279 Farrington Loop W, Semmes, Alabama 36575.  Plaintiff Jessica West was appointed personal representative of the Estate of Decedent Kenya Marshalette Reed on April 19, 2022, and is the rightful person authorized under Alabama law to bring this action.

8.   Decedent Kenya Marshalette Reed was eighteen years of age at the time of her death on January 10, 2021.  At the time of this incident, she resided at 1941 Patton Road, McIntosh, Alabama 36553.

9.  Upon information and belief, Defendant Joseph Michael Hand is over the age of 19 years, is a resident citizen of Mobile County, Alabama, with his address being 19630 North Mobile Street, Citronelle, Alabama 36522.

10. Defendant Hand is sued in his individual capacity for his wrongful conduct proximately causing Decedent Kenya Reed's injuries and death, including but not limited to his conduct on January 10, 2021, ostensibly acting within the line and scope of his employment as a police officer for Defendant City of Chickasaw.

11. All actions or omissions of Defendant Joseph Michael Hand have been taken under color of law.

12. Defendant City of Chickasaw, Alabama, is an Alabama Municipal Corporation located within the territorial limits of Mobile County, Alabama.

13. All actions or omissions by Defendant City of Chickasaw, acting through its agents, employees, officers, supervisors, or directors, have been taken under color of law.

14. Fictitious Defendants No.'s 1, 2, 3, & 4, are parties that are either agents of or related to the City of Chickasaw and its police and emergency dispatch functions; or involved in training, hiring, supervision, and/or evaluation of Defendant Joseph Michael Hand; or involved in developing and/or implementing policies and procedures for police activities relevant to the conduct resulting in the subject crash; or entities or persons who otherwise could have had a role in wrongfully causing the injuries inflicted on Decedent Kenya Marshalette Reed and her death that forms the basis of Plaintiff's claims, that owed a duty to Plaintiff's Decedent and that negligently, wantonly, recklessly, or maliciously breached that duty and proximately contributed to cause Plaintiff's Decedent's injuries

and death, or otherwise played a role in wrongfully causing the injuries inflicted on the Decedent, that proximately caused her death.

## STATEMENT OF ALLEGED FACTS

15. On or about January 10, 2021, Defendant Joseph Michael Hand, was employed by the City of Chickasaw as a police officer and was engaged in those duties as such.

16. On information and belief, at approximately 7:53 p.m., Defendant Hand, while ostensibly acting within the line and scope of his employment, was responding to a request for backup from another officer dealing with a disorderly person in the City of Chickasaw, in Mobile County, Alabama.

17. While in route to assist the other officer dealing with a disorderly person, Defendant Hand was traveling at an unnecessarily and outrageously high rate of speed, ultimately up to and exceeding 96-m.p.h. in a 30-m.p.h. speed zone on West Lee Street near Interstate 65, just before the crash that is the subject of this matter.

18. As Officer Hand was recklessly approaching the hilled overpass, Decedent Kenya Reed was exiting the southbound lanes of Interstate 65 on the southbound offramp that intersects with West Lee Street.

19. After stopping at the end of the offramp on the west side of Interstate 65, Ms. Reed began to proceed across the westbound lanes of West Lee Street, to turn left onto the eastbound lanes of West Lee Street.

20. Just as she began crossing the westbound lanes of West Lee Street, Officer Hand came over the overpass hill, driving his City of Chickasaw police cruiser at or over 96-m.p.h. in the 30-m.p.h. speed zone.

21. Due to the outrageously high rate of speed of Officer Hand's police cruiser, Decedent Kenya Reed had no opportunity to complete her crossing into the eastbound lane of West Lee Street.  Kenya's car was smashed into on the driver's side by Officer Hand's police cruiser, and came to rest far west of the point of impact.

22. Defendant Hand's conduct was outrageous under the circumstances with no reasonable justifying basis.

23. As a result of the collision, Decedent Kenya Reed suffered severe injuries and ultimately died a short time later that evening as a result of those injuries.

24. Defendant Hand had a history of reckless operation of police vehicles having been involved in similar incidences before January 10, 2021.

25. For example, on information and belief, on or about June 26, 2020 (about 6 months before Kenya Reed was killed), Officer Hand, working as a police officer for Defendant City of Chickasaw, was involved in a high-speed pursuit in a City of Chickasaw police cruiser when he was instructed to terminate his pursuit to allow Saraland Police Officer Christopher Ramey to take over the pursuit after the suspect exited I-65 northbound onto Celeste Road.  According to Crash Report Case Number 0661297 / Local Case Number 200626011A, Defendant Hand stated he was traveling south on Celeste Road with blue lights activated as he **began to pass Unit 2 (Officer Ramey's cruiser)** despite his instructions to terminate the pursuit to allow Officer Ramey to commence the pursuit.  As a result of Defendant Hand's unauthorized continuance of the pursuit at high-speed, he crashed into Officer Ramey's police cruiser, as Ramey initiated his pursuit. Investigation revealed that, contrary to Officer Hand's statement, even though he

was travelling at a very high rate of speed, he was not using his emergency lights, in violation of Alabama law under the circumstances.  The resulting impact was severe.

26. Defendant City of Chickasaw was aware or should have been aware of Defendant Hand's history of reckless operation of police vehicles, and improper use of emergency warnings during high-speed operation of his City of Chickasaw police cruiser.

27. Defendant City of Chickasaw is a government entity responsible under State law for properly training its officers on how to travel at high-speeds on an ostensible emergency call.

28. Defendant Hand was not adequately trained to travel at such a high rate of speed and thus created a danger to the public at large.

29. Defendant Hand knew or should have known that traveling at speeds over 95-m.p.h. in a 30-m.p.h. zone, where visibility was obscured for drivers exiting the southbound lanes of Interstate 65, created an untenably dangerous condition for the public at large, including Decedent Kenya Reed, and constituted outrageous conduct, regardless of the degree of emergency.

30. Defendant City of Chickasaw has a duty to not endanger citizens while exercising its public safety functions.

31. On information and belief, Defendant Hand was merely a back-up responder to back-up another officer handling a disorderly conduct call to which he was in route when the fatal incident occurred.

32. Defendant City of Chickasaw was negligent in its training and instruction of Defendant Hand, thus directly impacting, inuring, and causing the death of Plaintiff's Decedent.

33. Defendant Hand owed a greater duty than a regular driver because he was undertaking a public safety function, and was engaged in a dangerous function ostensibly for the benefit of Defendant City of Chickasaw.

34. The incident was avoidable but, for Defendants' outrageous conduct, negligence, gross negligence, recklessness, and the conscious disregard and deliberate indifference to the rights of Kenya Reed, in violation of her constitutional rights to life and liberty under the Fourteenth Amendment to the United States Constitution and the Constitution of Alabama.

35. Alabama law prohibits police officers from operating their police cruisers at excessively high-speeds when doing so endangers life or property.

36. On information and belief, the impact area on West Lee Street has significant traffic associated with persons living in the neighborhood traversing to and from work across Interstate 65, and the southbound and northbound exits receive significant traffic for the same reasons. Visibility from the end of the southbound exit ramp looking east on West Lee Street is limited due to the hill created by the overpass. Because of the hilled nature of the overpass and the resulting limited sight distance, for safety reasons, speed on this stretch of West Lee Street is limited to 30-m.p.h. The dangers associated with this intersection are known by the City of Chickasaw, and the City of Chickasaw police force. Defendant Hand, as an officer and first responder for the City of Chickasaw, knew or should have known of the roadway dangers.

37. No reasonable basis existed at the time of this incident to authorize or justify Defendant Hand's operation of his police cruiser at the speeds he was traversing under the circumstances.

38. Defendant City of Chickasaw, acting through its agents, employees, officers, directors, and/or supervisors, were the final decisionmakers for the policies and customs that led to the death of Kenya Reed.  The policies and customs were developed and implemented with deliberate indifference to the safety of Decedent Kenya Reed.

39. Defendant City of Chickasaw negligently, wantonly, recklessly, and with deliberate indifference, supervised, improperly trained, and/or controlled Defendant Hand and failed to adopt and/or enforce appropriate policies and procedures to govern the conduct of its law enforcement officers in high-speed operation of its police cruisers.

40. Due to clearly established case law, Defendant City of Chickasaw was on notice of the need to correct these constitutional deprivations.

41. Defendant City of Chickasaw failed to take corrective actions to assure proper training and supervision or to implement procedures to ensure Plaintiff's Decedent's rights under the United States Constitution.

42. Defendant City of Chickasaw was aware of the lack of safety and supervision that led to Kenya Reed's death, and in fact had a custom, policy, and practice or lack thereof of conduct or omissions which proximately caused Decedent Kenya Reed's injuries and untimely death.

43. As a direct and proximate result of Defendants' actions or omissions, Decedent Kenya Reed suffered great physical pain, extreme emotional distress, mental anguish, and

untimely death.  Furthermore, Decedent Kenya Reed's constitutional rights were violated, and her estate suffered medical bills and funeral expenses.

## COUNT ONE
### (Negligence, Wantonness, Recklessness, Maliciousness of Defendant Hand)

44. Plaintiff incorporates by reference the above-stated paragraphs 1-43 into this Count as if fully restated herein.

45. At the time of the events made the basis of this action, the Defendants owed the Decedent/Plaintiff the legal duty to conform to the standard of conduct raised by law for motor vehicles.  Specifically, the Defendants owed the Plaintiffs that degree of care which is exercised by ordinary prudent persons under the same or similar circumstances.

46. Defendant Hand, as an authorized driver of an authorized emergency vehicle, owed a duty to drive with due regard for the safety of all persons.

47. Alabama law provides that the driver of an emergency vehicle is not relieved of the duty to drive with due regard for the safety of all persons, nor is the driver of an emergency vehicle protected from the consequences of his reckless disregard for the safety of others.

48. Section 32-5A-7 of the Alabama Code provides that the driver of an emergency vehicle, such as a police car, may exceed the speed limits so long as he does not endanger life or property.

49. However, the section of Alabama law provides that "the foregoing provision shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his reckless disregard for the safety of others."

50. This statute is intended to provide for the safety and protection of people and property, including Decedent Kenya Reed.

51. Defendant Hand breached his duty, in conscious and reckless disregard for the safety of others, including Decedent Kenya Reed, in the operation of his authorized emergency vehicle and is therefore liable pursuant to Section § 32-5A-7(d) of Alabama Code (1975).

52. Defendant Hand, in driving an authorized emergency vehicle in response to an emergency call is subject to and limited by the conditions imposed by § 32-5A-7. Defendant Hand failed to restrain and limit his discretion and judgment in the operation of his emergency vehicle as prescribed by the Alabama Legislature in that he exceeded the maximum speed limit to a reckless extent when he knew or should have known that in doing so, at the speeds he was traveling and in the location and under the conditions where he was traversing, he was endangering life and property in violation of Section § 32-5A-7(b)(3) of Alabama Code (1975).

53. Furthermore, on information and belief, Defendant Hand failed to properly utilize emergency warning devices associated with the use of his vehicle.

54. On information and belief, Defendant Hand failed to recognize or, in deliberate indifference to the rights of Decedent Kenya Reed, chose to ignore the ineffectiveness of any warnings to members of the public of the hazardous condition created by Officer Hand's action of driving over 96-m.p.h. in a 30-m.p.h. zone, under circumstances of limited distance visibility from Decedent Kenya Reed's stopped position at the end of the exit ramp.

55. Defendant Hand acted willfully, maliciously, fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of the law.

56. Additionally, at the time of the events made the basis of this action, Defendant Hand breached his duty of care in one or more of the following ways:

a. Driving his emergency vehicle at outrageous speeds under the circumstances and conditions at the time in reckless disregard for the safety of others;

b. Failing to keep a proper lookout;

c. Failing to maintain a safe speed under the circumstances then and there existing;

d. Failing to maintain proper control of his emergency vehicle;

e. Failure to adequately provide Notice to the motoring public of his presence by failing to properly utilize warning devices, or failing to recognize that warning devices under the circumstances would be ineffective;

f. Failing to recognize or consciously ignoring the effectiveness of any emergency warning devices under the circumstances; and

g. Otherwise committing negligent acts which proximately caused the injuries and untimely death to Plaintiff's Decedent and related damages.

57. As a direct and proximate result of one or more of the above-noted negligent, wanton, reckless, or malicious conduct in conscious disregard of the safety of others, Plaintiff's Decedent was mortally injured and died from her injuries.

WHEREFORE, Plaintiff demands judgment against Defendant City of Chickasaw for damages as allowed under Alabama law in an amount, as determined by a jury, sufficient to punish Defendant City of Chickasaw for its wrongful conduct and deter others similarly situated, and for costs of this action, as allowed under law.

**COUNT TWO**
**(Respondeat Superior)**

58. Plaintiff incorporates by reference the above-stated paragraphs 1-57 into this Count as if fully restated herein.

11

59. At the time of the events made the basis of this action, Defendant Joseph Michael Hand was an officer, agent, or employee of Defendant City of Chickasaw, Alabama, and was then and there acting within the line and scope of his employment and/or with the express authority of the City of Chickasaw, when he negligently, wantonly, recklessly, and/or maliciously operated the Defendant City of Chickasaw police cruiser in a manner that unreasonably and unnecessarily endangered the safety of the public, including the life of Decedent Kenya Reed.

60. Any negligent, wanton, and reckless conduct which may be attributable to Defendant Hand is imputable to Defendant City of Chickasaw by virtue of the doctrine of Respondeat Superior in as much as Defendant Hand was, at the time of the events made the basis of this action, acting in furtherance of, and within the scope of, his employment with the City of Chickasaw.

WHEREFORE, Plaintiff demands judgment against Defendant City of Chickasaw for damages as allowed under Alabama law in an amount, as determined by a jury, sufficient to punish Defendant City of Chickasaw for its wrongful conduct and deter others similarly situated, and for costs of this action, as allowed under law.

## COUNT THREE
### (Negligence of City of Chickasaw and Fictitious Defendants 1, 2, 3, & 4)

61. Plaintiff incorporates by reference the above-stated paragraphs 1-60 into this Count as if fully restated herein.

62. Defendant City of Chickasaw and Fictitious Defendants 1, 2, 3, & 4 owed a duty of reasonable care to Plaintiff's Decedent to ensure that citizens such as Decedent Kenya Reed are not placed in unreasonable risk of injury or death as a result of the conduct of Defendant City of Chickasaw's employees' wrongful conduct or omissions.

12

63. Defendant City of Chickasaw and Fictitious Defendants 1, 2, 3, & 4 breached its duty owed to Plaintiff's Decedent in one or more of the following ways:

    a.  Failure to develop policies and procedures concerning the hiring of police officers to minimize or prevent the hiring of unqualified police officers, such as Defendant Hand;

    b.  Failure to implement policies and procedures concerning the hiring of police officers to minimize or prevent the hiring of unqualified police officers, such as Defendant Hand;

    c.  Failure to properly train Chickasaw police officers, such as Defendant Hand, in the operation of emergency vehicles under circumstances alleged in this action;

    d.  Failure to supervise, monitor, and evaluate the performance of police officers, such as Defendant Hand, to ensure compliance with any and all policies and procedures intended to minimize the risk to members of the public, including Decedent Kenya Reed, in emergency vehicle operation situations;

    e.  Negligent hiring of Defendant Hand as a police officer under circumstances where Defendant City of Chickasaw knew of should have known that he posed a threat to the safety and wellbeing of the public, especially in circumstances akin to the instant matter;

    f.  Negligent retention of Defendant Hand as a police officer under circumstances where Defendant City of Chickasaw knew of should have known that he posed a threat to the safety and wellbeing of the public, especially in circumstances akin to the instant matter; and

g.   Any other failure of Defendant City of Chickasaw to meet its duty to Plaintiff's

Decedent.

64. As a direct and proximate result of Defendant City of Chickasaw's and Fictitious

Defendants 1, 2, 3, & 4's failures, as set out above and in the above-referenced paragraphs,

Decedent Kenya Reed was mortally injured and died from those injuries.

WHEREFORE, Plaintiff demands judgment against Defendant City of Chickasaw for

damages as allowed under Alabama law in an amount, as determined by a jury, sufficient to punish

Defendant City of Chickasaw for its wrongful conduct and deter others similarly situated, and for

costs of this action, as allowed under law.

## COUNT FOUR
### (42 U.S.C. § 1983 Action against Defendant Joseph Michael Hand)

65. Plaintiff incorporates by reference the above-stated paragraphs 1-64 into this Count as if

fully restated herein.

66. Defendant Hand, while acting under color of State law and by virtue of the authority

vested in him by the State of Alabama, and its agencies, demonstrated deliberate, willful,

and/or wanton indifference or disregard to the life and liberty rights of Decedent Kenya

Reed in violation of Decedent's constitutional rights (including substantive due process

rights) as secured by the Fourteenth Amendment to the United States Constitution.

67. As a result of his conduct, Defendant Joseph Hand was indicted for criminally negligent

homicide, *Case Number: CC-2022-000782.00 / State of Alabama v. Hand, Joseph

Michael*, although charges were dismissed on a procedural basis (jurisdictional grounds

associated with the statute of limitations).

68. The merits of those charges have never been adjudicated on the merits.

14

69. Defendant Joseph Hand's conduct constituted negligent, wanton, reckless, and conscious disregard and deliberate indifference of Decedent Kenya Reed's rights protected by the Fourteenth Amendment to the United States Constitution and is actionable pursuant to 42 U.S.C § 1983.

70. Defendant Hand failed to follow applicable policies and procedures intended to minimize the risk to members of the public, including Decedent Kenya Reed, of serious injury and untimely death resulting from the operation of a police cruiser, ostensibly while responding to an emergency call.

71. Defendant Hand failed to operate in a reasonably safe manner the police cruiser he was authorized to drive by Defendant City of Chickasaw, by driving the cruiser at an outrageously high rate of speed under circumstances he knew or should have known created an incredibly dangerous situation for others using the roads and highway in the City of Chickasaw, including Decedent Kenya Reed.

72. Defendant Hand's conduct was outrageous under the circumstances with no reasonable justifying basis.

73. Defendant Hand was aware that the I-65 overpass he was approaching just before the subject crash was one where visibility distance from the position of the end of the southbound exit ramp, where Decedent Kenya Reed was located, was very limited, necessitating a speed limit of 30-m.p.h. over the overpass to minimize risk to members of the public utilizing the roadway.

74. In spite of this knowledge, Defendant Hand consciously disregarded and was deliberately indifferent to the rights of Decedent Kenya Reed to life and liberty when he consciously drove his police cruiser over the overpass at such a high-speed that anyone attempting to

15

make a left-hand turn over the westbound lanes of West Lee Street from the end of the exit ramp would be placed in an unreasonable risk of serious injury and death. Decedent Kenya Reed was just such a person at the time in issue.

75. Plaintiff has retained the undersigned as counsel in pursuit of the protection of their constitutional rights.

76. State law remedies alone would not adequately and fully compensate Plaintiff. The monetary state law remedies available to Plaintiff would not alone adequately and fully compensate Plaintiff for the violation of their constitutional rights and their purpose of preventing such further constitutional violations by the state. Additionally, the state law remedies available to Plaintiff require an additional element of proof of severe emotional distress, an element not required for Plaintiff's to prevail in an action under 42 U.S.C. § 1983.

77. Federal courts allow recovery under § 1983 even when physical or emotional damages are nominal, with plaintiffs able to recover attorney's fees and punitive damages, and ultimately, adequately and fully compensate plaintiff, while ensuring deterrence of future constitutional violations. Furthermore, Defendants will likely claim all causes of action available at state law can be resolved as issues of law and will attempt to prevent Plaintiff from being heard by a jury, as they would be entitled to under § 1983.

WHEREFORE, Plaintiff demands judgment against Defendant Joseph Michael Hand for damages as allowed under Alabama law as determined by a jury, sufficient to achieve the purposes of 42 U.S.C § 1983, and the State of Alabama, and for costs, expenses, and attorney's fees for this action in accordance with 42 U.S.C. §1983; for a trial by jury; and for such other and further relief as the court deems just and proper.

## COUNT FIVE
### (42 U.S.C. § 1983 Action against Defendant City of Chickasaw)

78. Plaintiff re-alleges and incorporates by reference each previously stated paragraph 1-77 as if fully set forth herein.

79. Defendant City of Chickasaw, acting through its agents, employees, officers, directors, and supervisors, while acting under color of State law and by virtue of the authority vested in him by the State of Alabama and its agencies, demonstrated deliberate, willful, and/or wanton indifference to the liberty rights of Decedent Kenya Reed in violation of Decedent's constitutional rights as secured by the Fourteenth Amendment to the United States Constitution [Alabama Constitution of 1901, Article I].

80. Defendant City of Chickasaw's conduct constituted negligent, wanton, reckless, and conscious indifference or disregard of Decedent Kenya Reed's rights protected by the Fourteenth Amendment to the United States Constitution and is actionable pursuant to 42 U.S.C § 1983.

81. Under Section 1983, Plaintiff is not alleging that the City of Chickasaw is liable under a respondeat superior theory.

82. Under Section 1983, Plaintiff is not seeking punitive damages against the City of Chickasaw.

83. Section 32-5A-7 of the Alabama Code provides that the driver of an emergency vehicle such as a police car may exceed the speed limits, but only so long as he does not endanger life or property.

84. The statute provides that the driver of an emergency vehicle is not relieved of the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from consequences of his reckless disregard for the safety of others.

85. Defendant City of Chickasaw's conduct of consciously disregarding or being consciously indifferent to the rights of Decedent Kenya Reed includes one or more of the following:

    a.   Failure to develop policies and procedures concerning the hiring of police officers to minimize or prevent the hiring of unqualified police officers, such as Defendant Hand;

    b.   Failure to implement policies and procedures concerning the hiring of police officers to minimize or prevent the hiring of unqualified police officers, such as Defendant Hand;

    c.   Failure to properly train Chickasaw police officers, such as Defendant Hand, in the operation of emergency vehicles under circumstances alleged in this action;

    d.   Failure to supervise, monitor and evaluate the performance of police officers, such as Defendant Hand to ensure compliance with any and all policies and procedures intended to minimize the risk to members of the public, including Decedent Kenya Reed, in emergency vehicle operation situations;

    e.   Negligent hiring of Defendant Hand as a police officer under circumstances where Defendant City of Chickasaw knew of should have known that he posed a threat to the safety and wellbeing of the public, especially in circumstances akin to the instant matter;

    f.   Negligent retention of Defendant Hand as a police officer under circumstances where Defendant City of Chickasaw knew of should have known that he posed a threat to the safety and wellbeing of the public, especially in circumstances akin to the instant matter; and

g.  Any other failure of Defendant City of Chickasaw to meet its duty to Plaintiff's Decedent.

86. As a direct and proximate result of Defendant City of Chickasaw's failures as set out above, and in the referenced paragraphs, Decedent Kenya Reed was mortally injured and died from those injuries, in violation of her substantive rights to life and liberty protected by the Fourteenth Amendment to the United States Constitution.

87. Plaintiff has retained the undersigned as counsel in pursuit of the protection of their constitutional rights.

88. State law remedies alone would not adequately and fully compensate Plaintiff.  The monetary state law remedies available to Plaintiff would not alone adequately and fully compensate Plaintiff for the violation of Decedent's constitutional rights and would impede the purpose of preventing such further constitutional violations by the state.

89. Federal courts allow recovery under § 1983 even when damages are nominal, with plaintiffs able to recover attorney's fees and punitive damages, and ultimately, adequately and fully compensate plaintiffs, while ensuring deterrence of future constitutional violations.  Furthermore, Defendants will likely claim all causes of action available at state law can be resolved as issues of law and will attempt to prevent Plaintiff from being heard by a jury, as they would be entitled to under § 1983.

WHEREFORE, Plaintiff demands judgment against Defendant Joseph Michael Hand for damages as allowed under Alabama law as determined by a jury, sufficient to achieve the purposes of 42 U.S.C § 1983, and the State of Alabama, and for costs, expenses, and attorney's fees for this action in accordance with 42 U.S.C. §1983; for a trial by jury; and for such other and further relief as the court deems just and proper.

Dated this the 21st day of July, 2022.

THE COCHRAN FIRM – DOTHAN, P.C.


/s/ Joseph D. Lane
**JOSEPH D. LANE (LAN049)**
**DAVID L. DARTY, JR. (DAR024)**
**Attorneys for Plaintiff**
111 East Main Street
Dothan, Alabama 36301
334-673-1555 (tele.)
334-699-7229 (fax)
Email: JLane@CochranFirm.com
Email: DDarty@CochranFirm.com

## JURY DEMAND

Plaintiff hereby demands trial by jury on issues and claims asserted.


## DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL AT:

Jessica Veals, City Clerk
c/o City of Chickasaw
Post Office Box 11307
Chickasaw, Alabama 36611

Officer Joseph Michael Hand
107 Carondolet Ct E
Mobile, Alabama 36608

ELECTRONICALLY FILED
7/21/2022 4:43 PM
02-CV-2022-901248.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

DOCUMENT 3

# EXHIBIT A

STATE OF ALABAMA )
)
COUNTY OF MOBILE )

### TO THE CLERK OF THE CITY OF CHICKASAW, ALABAMA

### SWORN STATEMENT OF CLAIM FOR DAMAGES
### FILED AGAINST THE CITY OF CHICKASAW, ALABAMA,
### PURSUANT TO SECTION 11-47-192, CODE OF ALABAMA (1975)

Comes now Malanda Reed, as guardian and survivor on behalf of my minor daughter, Kenya Reed, deceased, pursuant to the provisions of the Code of Alabama (1975), §§ 11-47-23, 11-47-190 11-47-192, 6-5-391, and 6-5-410, as well as any other applicable provisions of law, files this sworn statement of claim for damages. Such claim is based upon the following:

Claimant hereby verifies that Claimant believes that the claims made herein are just, due, and unpaid. Claimant has incurred damages due to be paid by the City of Chickasaw for the negligence and/or wantonness and/or recklessness of the City of Chickasaw.

You are hereby notified that Claimant's daughter, Kenya Reed, sustained fatal injuries in an automobile accident with a City of Chickasaw Police Officer, Joseph Michael Hand, on January 10, 2021, at approximately 7:53 p.m., when Officer Hand failed to properly operate emergency signals on his police car while traveling at 96 MPH in a 30 MPH zone at an intersection. On or about January 10, 2021, Claimant's minor daughter, Kenya Reed, was exiting from I-65 southbound and came to a stop at the intersection of the off ramp with West Lee Street. After stopping and checking for a clear right of way, Kenya proceeded to make a left turn onto Eastbound West Lee Street. Due to the excessively high 96 MPH speed, and/or Officer Hand's failure to use appropriate emergency signals, Officer Hand's police car struck the driver's side of Kenya's vehicle at a 90-degree angle. Kenya sustained fatal injuries due to the negligence and/or wantonness and/or recklessness of Officer Hand while he was driving a Chickasaw police vehicle. Furthermore, the City of Chickasaw failed to implement policies and procedures pertinent to this incident and/or failed to properly train Officer Joseph Michael Hand.

DOCUMENT 3

The undersigned Claimant, therefore seeks and demands damages arising out of the death of her daughter Kenya Reed, that was the result of the negligence, gross negligence, wantonness and/or recklessness of Officer Hand and/or the City of Chickasaw and its police department. Claimant is seeking payment for all damages allowed under Alabama law, including Alabama's wrongful death law, arising out of the fatal injuries suffered by her daughter, Kenya Reed, on January 10, 2021.  This claim exceeds the statutory limits allowed against an Alabama municipality, and Claimant therefore demands payment of statutory limits of $100,000 against the City of Chickasaw.

Dated this, the 12th day of April, 2021.

_Malanda Reed_

MALANDA REED

STATE OF ALABAMA          )
                          )
COUNTY OF MOBILE          )

I, the undersigned, a Notary Public in and for said State and County aforesaid, hereby certify that MALANDA REED, whose name is signed to the foregoing, and who is known to me, acknowledged before me on this date that, being informed of the contents of said instrument, she executed the same voluntarily on the day the same bears date.

Given under my hand and official seal this the 12th day of April, 2021.

_Hailey Dismukes_

Notary Public
My Commission Expires:



Hailey Dismukes
NOTARY PUBLIC
ALABAMA STATE AT LARGE
MY COMMISSION EXPIRES
November 18, 2024

2



AlaFile E-Notice

02-CV-2022-901248.00

To:   JOSEPH DAVID LANE
        jlane@cochranfirm.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

JESSICA WEST V. CITY OF CHICKASAW POLICE DEPARTMENT ET AL
02-CV-2022-901248.00

The following complaint was FILED on 7/21/2022 4:42:28 PM

Notice Date:      7/21/2022 4:42:28 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

**USPS CERTIFIED MAIL**

9214 8901 7301 4102 2200 0853 44

*CIRCUIT CIVIL DIVISION*
*205 GOVERNMENT STREET*
*MOBILE, AL, 36644*

**02-CV-2022-901248.00**

To: CITY OF CHICKASAW POLICE DEPARTMENT
C/O JESSICA VEALS, CLERK
POST OFFICE BOX 11307
CHICKASAW, AL 36611

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**

**JESSICA WEST V. CITY OF CHICKASAW POLICE DEPARTMENT ET AL**
**02-CV-2022-901248.00**

The following complaint was FILED on 7/21/2022 4:42:28 PM

Notice Date: 7/21/2022 4:42:28 PM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
charles.lewis@alacourt.gov



**USPS CERTIFIED MAIL**

**9214 8901 7301 4102 2200 0853 51**

*CIRCUIT CIVIL DIVISION*
*205 GOVERNMENT STREET*
*MOBILE, AL, 36644*

**02-CV-2022-901248.00**

To:   OFFICER JOSEPH MICHAEL HAND
      107 CARONDOLET CT E
      MOBILE, AL 36608

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**

**JESSICA WEST V. CITY OF CHICKASAW POLICE DEPARTMENT ET AL**
**02-CV-2022-901248.00**

The following complaint was FILED on 7/21/2022 4:42:28 PM

Notice Date:      7/21/2022 4:42:28 PM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
charles.lewis@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>02-CV-2022-901248.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**
**JESSICA WEST V. CITY OF CHICKASAW POLICE DEPARTMENT ET AL**

**NOTICE TO:** CITY OF CHICKASAW POLICE DEPARTMENT, C/O JESSICA VEALS, CLERK POST OFFICE BOX 11307, CHICKASAW, AL 36611

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
JOSEPH DAVID LANE

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 111 EAST MAIN STREET, DOTHAN, AL 36301

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JESSICA WEST

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 07/21/2022 | /s/ JOJO SCHWARZAUER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.　　　/s/ JOSEPH DAVID LANE

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*　　　　　　*(Name of County)*

Alabama on _____.

*(Date)*

_____　_____　_____
*(Type of Process Server)*　*(Server's Signature)*　　*(Address of Server)*

　　　　　　　　　　　　_____　_____
　　　　　　　　　　　　*(Server's Printed Name)*　*(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>02-CV-2022-901248.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### JESSICA WEST V. CITY OF CHICKASAW POLICE DEPARTMENT ET AL

**NOTICE TO:** OFFICER JOSEPH MICHAEL HAND, 107 CARONDOLET CT E, MOBILE, AL 36608

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JOSEPH DAVID LANE                                                                                            ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 111 EAST MAIN STREET, DOTHAN, AL 36301                                    .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JESSICA WEST
pursuant to the Alabama Rules of the Civil Procedure.

| 07/21/2022 | /s/ JOJO SCHWARZAUER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.      /s/ JOSEPH DAVID LANE

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*      *(Name of County)*

Alabama on _____ .

*(Date)*

_____      _____      _____

*(Type of Process Server)*      *(Server's Signature)*      *(Address of Server)*

_____      _____

*(Server's Printed Name)*      *(Phone Number of Server)*

ELECTRONICALLY FILED
7/25/2022 9:49 AM
02-CV-2022-901248.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK


**PRETRIAL ORDER: JURY AND NON-JURY CASES**
**IN THE CIRCUIT COURT OF MOBILE COUNTY**
**BEFORE JUDGE JAMES T. PATTERSON**

In all pending cases before Judge Patterson, the following Pretrial Order will apply. This Order is in addition to the Fast Track Order or General Pretrial Order that may be filed with this case.  To the extent this Pretrial Order conflicts with the Fast Track or the General Order, this Pretrial Order is the governing Order.

*Counsel and their support staff please pay particular note to parts 9 and 15 below regarding AlaFile requirements and proposed orders*.

**Fast Track Order**:

1.      If any party objects to inclusion in the Fast Track System, the Court requires the party to file a Motion to Exclude along with a Proposed Scheduling Order.   (See ¶ 9 below).  At a minimum, the Proposed Scheduling Order must provide a proposed trial date (or month), the length of the trial, dispositive motion cut-off dates (see ¶ 5 below), factual discovery cut-off dates, expert discovery cut-off dates, and any limitations on discovery or exhibits.  If the parties cannot agree on a Scheduling Order, the Court will conduct a Rule 16 conference to finalize one.

2.      If case remains in the Fast Track system, the Court expects the parties to comply with the time constraints set forth in that Order.  Once a party files a Motion to Set the Matter for Trial and a Certificate of Readiness, the Court will grant the motion, subject to any objection, and assign the case to a mediator to be mediated within 60 days.   If the mediation is unsuccessful, the parties are required to file a report and the Court will assign a trial date.

3.      If the parties anticipate that preparing for trial will take more than eighteen months, the parties must file a motion for a Rule 16 conference.

**All Jury Trial Cases**:

4.      If at any time while the action is pending either party anticipates that the jury trial will take more than 5 days, that party must file a motion for a Rule 16 conference.

5.      The Court requires any dispositive motion to be filed at least 4 weeks before trial unless otherwise agreed to by the parties.  Any dispositive motion filed after this deadline will not be considered before trial.

6.      The Court will conduct a Pretrial Conference approximately ten days prior to the trial setting.  The attorney(s) who will be trying the case must attend the Pretrial Conference.  The Court will issue a pretrial order after the conference addressing exchange of pre-marked exhibits, witness lists, jury charges, deposition testimony use

and other procedural trial issues.

7.      All Motions to Strike and Motions in Limine must be filed at least 4 weeks before the start of trial.  The Court will set these motions for a hearing at the pre-trial conference referenced in part 6 above.  The Court will not hear any motions filed after this deadline unless for good cause shown.

**All Cases**:

8.      All pleadings and evidentiary support must be e-filed.  The Court will not accept paper-filed pleadings unless the Court has given counsel prior written permission.

9.      **Motions must be accompanied with a proposed order properly uploaded into AlaCourt as a "proposed order**."  The Court cautions the attorneys that when e-filing proposed orders, the proposed order cannot be filed within the body of the motion or as an "attachment" or an "exhibit" to the pending motion.  It must be filed as a "proposed order."  If the attorneys experience difficulty with this, see

<User Manual at www.alacourt.gov/pdfppt/alafileUserManual.pdf>

10.     Motions for service by publication must be properly supported by an affidavit setting forth the facts averring avoidance of service.  See Fisher v. Amaraneni, 565 So. 2d 84 (Ala. 1990); Wagner v. White, 985 So. 2d 458 (Ala. Civ. App. 2007).

11.     Prior to requesting a continuance for a motion or trial setting, the requesting party must confer with opposing counsel and indicate the result of the conference in the Motion to Continue.

12.     Counsel must confer the night before or the morning of a scheduled hearing on any discovery dispute and attempt to resolve the discovery dispute or narrow down the disputed issues.    As a general rule, this Court highly disfavors unsupported "boilerplate" objections such as the request is irrelevant, vague, ambiguous, overly broad, unduly burdensome, or unlikely to lead to the discovery of admissible evidence. Objections to a discovery request must be specific and supported by detailed explanation of why the discovery request is improper.  Ex Parte Dorsey Trailers Inc., 397 So. 2d 98 (Ala. 1981).     Further, answering a discovery request subject to or reserving a general objection will be deemed a waiver of that objection. See Wright, Miller & Marcus, Fed Prac & Proc, Civil §2173 ("A voluntary answer to an interrogatory is also a waiver of the objection.").

13.     Protective Orders containing provisions to seal court records and motions to seal court filings must be set for a hearing during which the party requesting to seal the records must provide clear and convincing evidence that the documents should be sealed.  See Holland v. EADS, 614 So. 2d 1012 (Ala 1993).

14.     The Court may request the parties e-mail proposed orders on certain issues directly to the Court. Any proposed orders sent to the Court through e-mail must be attached as a ".doc" in Microsoft Word format and counsel for opposing parties must copied on the e-mail.

15.     Only documents filed as a "motion" appear in the Court's motion queue for review because of the nature of the Alacourt system. Documents filed as "other," "miscellaneous," "discovery," or "amended complaint/answer" (such as stipulations of dismissal, notice of removal, etc.) will appear in the case action summary sheet, but the Court has no notice that such a document has been filed. **If Court action is required in conjunction any pleadings, it needs to be filed as a "motion."**

**Additional Rules Applicable to Workers Compensation Cases**:

16.     The parties must notify the Court when the plaintiff is at Maximum Medical Improvement. All cases will be mediated prior to trial on the merits and then set for trial within 90 days of notification of an unsuccessful mediation.

17.     Motions to Compel filed where liability is disputed will be treated as a Request for Trial on the merits on liability only.

18.     At the close of evidence in any case, the Court will request the parties submit through e-mail proposed Findings of Fact and Conclusions of Law to the Court. (See ¶ 14 above).

**Additional Rules Applicable to Non-Jury Account Collection, Contract, Ejectment, and "Other" Similar Cases**:

19.     Service shall be perfected within 120 days or the case will be dismissed. Motions to Extend the Time for Service must be accompanied by an affidavit about service attempts and a proposed order. See ¶ 9 above. Motion for service by publication must be properly supported. See ¶ 10 above.

20.     Once the Defendant(s) is served and fails to answer, the Court expects dispositive motions to be filed within 90 days of service. Motions for default must be supported appropriately and a proposed order filed. See ¶ 9 above. See Thomas v. American Express Bank, FSB, 139 So. 3d 809 (Ala. Civ. App. 2013).

21.     Once the Defendant(s) is served and answers, the Court expects either a dispositive motion such as summary judgment or a request to set the case for trial within 90 days of the answer.



AlaFile E-Notice

02-CV-2022-901248.00

Judge: JAMES T. PATTERSON

To:  LANE JOSEPH DAVID
     jlane@cochranfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

JESSICA WEST V. CITY OF CHICKASAW POLICE DEPARTMENT ET AL
02-CV-2022-901248.00

The following matter was FILED on 7/25/2022 9:49:37 AM

Notice Date:      7/25/2022 9:49:37 AM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2022-901248.00

Judge: JAMES T. PATTERSON

To:  CITY OF CHICKASAW POLICE DEPARTMENT (PRO SE)
C/O JESSICA VEALS, CLERK
POST OFFICE BOX 11307
CHICKASAW, AL, 36611-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

JESSICA WEST V. CITY OF CHICKASAW POLICE DEPARTMENT ET AL
02-CV-2022-901248.00

The following matter was FILED on 7/25/2022 9:49:37 AM

Notice Date:     7/25/2022 9:49:37 AM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2022-901248.00

Judge: JAMES T. PATTERSON

To:  HAND OFFICER JOSEPH MICHAEL (PRO SE)
107 CARONDOLET CT E
MOBILE, AL, 36608-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

JESSICA WEST V. CITY OF CHICKASAW POLICE DEPARTMENT ET AL
02-CV-2022-901248.00

The following matter was FILED on 7/25/2022 9:49:37 AM

Notice Date:     7/25/2022 9:49:37 AM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

**UNITED STATES POSTAL SERVICE**

July 25, 2022

Dear Circuit Clerk:

| UJS Information | |
|---|---|
| Case Number: 02-CV-2022-901248.00 | Intended Recipient: |
| Document Type: Complaint | OFFICER JOSEPH MICHAEL HAND  (D002) |
| Restricted Delivery Requested: No | 107 CARONDOLET CT E |
| | MOBILE, AL 36608 |

The following is in response to your request for proof of delivery on your item with the tracking number: **9214 8901 7301 4102 2200 0853 51**.

## Item Details

| | |
|---|---|
| **Status:** | Delivered, Left with Individual |
| **Status Date / Time:** | July 25, 2022, 1:42 pm |
| **Location:** | MOBILE, AL 36608 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |

## Recipient Signature

Signature of Recipient:

Address of Recipient:

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004



AlaFile E-Notice

02-CV-2022-901248.00

Judge: JAMES T. PATTERSON

To:   LANE JOSEPH DAVID
        jlane@cochranfirm.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

JESSICA WEST V. CITY OF CHICKASAW POLICE DEPARTMENT ET AL
02-CV-2022-901248.00

The following matter was served on 7/25/2022

D002 HAND OFFICER JOSEPH MICHAEL

Corresponding To

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2022-901248.00

Judge: JAMES T. PATTERSON

To:  CITY OF CHICKASAW POLICE DEPARTMENT (PRO SE)
C/O JESSICA VEALS, CLERK
POST OFFICE BOX 11307
CHICKASAW, AL, 36611-0000

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

JESSICA WEST V. CITY OF CHICKASAW POLICE DEPARTMENT ET AL
02-CV-2022-901248.00

The following matter was served on 7/25/2022

D002 HAND OFFICER JOSEPH MICHAEL
Corresponding To
CERTIFIED MAIL
ELECTRONIC CERTIFIED MAIL RETURN

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2022-901248.00

Judge: JAMES T. PATTERSON

To:  HAND OFFICER JOSEPH MICHAEL (PRO SE)
107 CARONDOLET CT E
MOBILE, AL, 36608-0000

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

JESSICA WEST V. CITY OF CHICKASAW POLICE DEPARTMENT ET AL
02-CV-2022-901248.00

The following matter was served on 7/25/2022

D002 HAND OFFICER JOSEPH MICHAEL
Corresponding To
CERTIFIED MAIL
ELECTRONIC CERTIFIED MAIL RETURN

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

**UNITED STATES POSTAL SERVICE**

July 26, 2022

Dear Circuit Clerk:

| UJS Information | |
|---|---|
| Case Number: 02-CV-2022-901248.00 | Intended Recipient: |
| Document Type: Complaint | CITY OF CHICKASAW POLICE DEPARTMENT (D001) |
| Restricted Delivery Requested: No | C/O JESSICA VEALS, CLERK |
| | POST OFFICE BOX 11307 |
| | CHICKASAW, AL 36611 |

The following is in response to your request for proof of delivery on your item with the tracking number:
**9214 8901 7301 4102 2200 0853 44**.

## Item Details

| | |
|---|---|
| **Status:** | Delivered, Individual Picked Up at Post Office |
| **Status Date / Time:** | July 26, 2022, 4:29 pm |
| **Location:** | MOBILE, AL 36611 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |

## Recipient Signature

Signature of Recipient:

Address of Recipient:
PO BOX 11307
MOBILE, AL 36671-0307

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004



AlaFile E-Notice

02-CV-2022-901248.00

Judge: JAMES T. PATTERSON

To:  LANE JOSEPH DAVID
     jlane@cochranfirm.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

JESSICA WEST V. CITY OF CHICKASAW POLICE DEPARTMENT ET AL
02-CV-2022-901248.00

The following matter was served on 7/26/2022

D001 CITY OF CHICKASAW POLICE DEPARTMENT
Corresponding To
CERTIFIED MAIL
ELECTRONIC CERTIFIED MAIL RETURN

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2022-901248.00

Judge: JAMES T. PATTERSON

To:   CITY OF CHICKASAW POLICE DEPARTMENT (PRO SE)
      C/O JESSICA VEALS, CLERK
      POST OFFICE BOX 11307
      CHICKASAW, AL, 36611-0000

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

JESSICA WEST V. CITY OF CHICKASAW POLICE DEPARTMENT ET AL
02-CV-2022-901248.00

The following matter was served on 7/26/2022

D001 CITY OF CHICKASAW POLICE DEPARTMENT
Corresponding To
CERTIFIED MAIL
ELECTRONIC CERTIFIED MAIL RETURN

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2022-901248.00

Judge: JAMES T. PATTERSON

To:  HAND OFFICER JOSEPH MICHAEL (PRO SE)
107 CARONDOLET CT E
MOBILE, AL, 36608-0000

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

JESSICA WEST V. CITY OF CHICKASAW POLICE DEPARTMENT ET AL
02-CV-2022-901248.00

The following matter was served on 7/26/2022

D001 CITY OF CHICKASAW POLICE DEPARTMENT
Corresponding To
CERTIFIED MAIL
ELECTRONIC CERTIFIED MAIL RETURN

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov