### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **JESSICA WEST, individually and o/b/o All heirs of Kenya M. Reed and o/b/o THE ESTATE OF KENYA REED,** )<br>)<br>)<br>) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIV. ACT. NO. 1:22-cv-300-TFM-B |
| ) | |
| **CITY OF CHICKASAW POLICE DEPARTMENT, *et al.*,** )<br>)<br>) | |
| **Defendants.** ) | |

### ORDER

Pending before the Court is the *Joint Response to Show Cause Order* (Doc. 25, fled 6/9/23). The parties respond to the Court's order asking why this case should not be remanded to the Circuit Court of Mobile County, Alabama. The parties jointly assert that this case would be appropriate for remand based upon the inquiry and caselaw raised by the Court.

While the Court may continue to exercise supplemental jurisdiction under § 1367, but "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). The newly amended complaint has removed the federal claims and therefore only state law claims remain for resolution. The Court finds that it is more appropriate to send those back to the state court for resolution.

Based on the above, and the parties' agreement, it is **ORDERED** that this case is remanded to the Circuit Court of Mobile County, Alabama. The Clerk of Court is **DIRECTED** to effectuate

the remand.

      **DONE** and **ORDERED** this 9th day of June, 2023.

                                           /s/ Terry F. Moorer
                                           TERRY F. MOORER
                                           UNITED STATES DISTRICT JUDGE